IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-709 T
(Judge Firestone)

CHARLES J. GOHEEN,

Plaintiff

v.

THE UNITED STATES,

Defendant

**ANSWER AND COUNTERCLAIM**

In answer to the complaint, defendant denies each and every allegation in the complaint that is not admitted below.

Defendant further:

1. Admits the allegations in paragraph 1.

2. Admits the allegations in paragraph 2.

3. Admits the allegations in paragraph 3 to the extent that this is an action under the Internal Revenue Code of 1986, as amended, for the recovery of tax penalties and related interest, and denies the allegation in paragraph 4 that the penalties were erroneously and illegally assessed and collected from plaintiff.

4. States that the jurisdiction of this Court over plaintiffs' suit, to the extent it exists, is conferred by 28 U.S.C. § 1491(a)(1).

5. Admits the allegation in paragraph 5, and states that the records of the Internal Revenue Service ("IRS") indicate that plaintiff has been assessed penalties pursuant to Section 6672 of the Internal Revenue Code of 1986 for the tax periods ending June 30, 1998, September 30, 1998, December 31, 1998, and March 31, 1999.

6. Denies the allegation in paragraph 6.

7. Admits the allegation in the first sentence of paragraph 7 to the extent that plaintiff filed on or about May 22, 2006 a Claim for Refund and Request for Abatement, Form 843, for the tax period ending June 30, 1998; denies the allegation in the first sentence of paragraph 7 that plaintiff's claim for refund was timely with respect to all of the payments plaintiff has made for penalties assessed against him under Section 6672; admits the allegation in the second sentence of paragraph 7; and states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the third sentence of paragraph 7.

8. Admits the allegation in paragraph 8 to the extent that defendant has not refunded, in whole or in part, the amount plaintiff requested in his Claim for Refund and Request for Abatement for the tax period ending June 30, 1998, and denies that plaintiff is entitled to judgment against the defendant in the amount requested.

Affirmative Defense

9. Plaintiff filed a Claim for Refund and Request for Abatement, Form 843, for the tax period ending June 30, 1998, on or about May 22, 2006, requesting a refund in the amount of $7,635.00.

10. On April 15, 2004, the IRS transferred an overpayment in the amount of $2,687.00 from plaintiff's taxable year 2003 to satisfy a portion of the assessed penalty for the period

ending June 30, 1998.

11. On April 15, 2005, the IRS transferred an overpayment in the amount of $2,648.00 from plaintiff's taxable year 2004 to satisfy a portion of the assessed penalty for the period ending June 30, 1998.

12. On April 15, 2006, the IRS transferred an overpayment in the amount of $2,300.00 from plaintiff's taxable year 2006 to satisfy a portion of the assessed penalty for the period ending June 30, 1998.

13. Because plaintiff filed his claim for refund of the transferred overpayment of $2,687.00 described in paragraph 10 above more than two years after the date of the payment, plaintiff's claim for refund of this amount is untimely under Section 6511 of the Internal Revenue Code of 1986, and this Court lacks subject-matter jurisdiction over plaintiff's complaint to the extent that it seeks to recover this overpayment. Accordingly, plaintiff's complaint should be dismissed in part pursuant to RCFC 12(b)(1).

## Counterclaims

14. On August 24, 2003, plaintiff was assessed a Section 6672 penalty for the tax period ending June 30, 1998 in the amount of $21,862.73.

15. On August 24, 2003, plaintiff was assessed a Section 6672 penalty for the tax period ending September 30, 1998 in the amount of $22,300.60.

16. On August 24, 2003, plaintiff was assessed a Section 6672 penalty for the tax period ending December 31, 1998 in the amount of $21,031.22.

17. On August 24, 2003, plaintiff was assessed a Section 6672 penalty for the tax period ending March 31, 1999 in the amount of $7,010.78.

18. In total, plaintiff has been assessed a total of $72,205.33 in Section 6672 penalties.

19. To date, plaintiff has made a total payment of $7,635.00 toward the assessed Section 6672 penalties for the tax period ending June 30, 1998.

20. Plaintiff has made no payments with respect to the Section 6672 penalties assessed for the tax periods ending September 30, 1998, December 31, 1998, and March 31, 1999.

21. Defendant is entitled to a judgment against plaintiff in the amount of $21,862.73 in addition to any assessed interest for the tax period ending June 30, 1998, less plaintiff's $7,635.00 payment and any credits that may have been applied by the IRS.

22. Defendant is entitled to a judgment against plaintiff in the amount of $22,300.60 in addition to any assessed interest for the tax period ending September 30, 1998, less any credits that may have been applied by the IRS.

23. Defendant is entitled to a judgment against plaintiff in the amount of $21,031.22 in addition to any assessed interest for the tax period ending December 31, 1998, less any credits that may have been applied by the IRS.

24. Defendant is entitled to a judgment against plaintiff in the amount of $7,010.78 in addition to any assessed interest for the tax period ending December 31, 1998, less any credits that may have been applied by the IRS.

25. These counterclaims have been authorized by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and is brought at the direction of the Chief of the Court of Federal Claims Section, Tax Division, Department of Justice, a delegate of the Attorney General of the United States, pursuant to Section 7401 of the Internal Revenue Code of 1986, and 28 U.S.C. § 1503.

Wherefore, defendant requests that the complaint be dismissed, with costs assessed against plaintiff, and that judgment be entered in the amount of the assessed Section 6672 penalties and interest, less the payments made by plaintiff and any credits that may have been applies by the IRS, plus interest and costs allowed by law.

Respectfully submitted,

s/ Joseph B. Syverson
JOSEPH B. SYVERSON
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6508
FAX (202) 514-9440

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

s/ Steven I. Frahm
Of Counsel

February 5, 2007