IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-709 T
(Judge Firestone)

CHARLES J. GOHEEN,
Plaintiff,

v.

THE UNITED STATES,
Defendant.

**MOTION OF THE UNITED STATES TO DISMISS IN PART PLAINTIFF'S COMPLAINT**

The United States respectfully moves this Court, pursuant to RCFC 12(b)(1), for an order dismissing in part plaintiff's complaint. This Court lacks subject-mattter jurisdiction over plaintiff's complaint to the extent that plaintiff seeks refund of a payment of $2,687.00 he made more than two years before plaintiff filed his administrative claim for refund of the payment. Section 6511 of the Internal Revenue Code of 1986 prohibits the recovery of an amount paid more than two years prior to filing a claim for refund.[1] In support of this motion, the United States relies on the following memorandum and the exhibits attached to the Declaration of Joseph B. Syverson filed simultaneously herewith.

**STATEMENT**

On August 24, 2003, plaintiff was assessed a penalty pursuant to I.R.C. § 6672 for the tax

[1]Hereinafter "I.R.C."

period ending June 30, 1998 in the amount of $21,862.73. (Syverson Dec. Ex. 1 at 2.)[2] These assessments arose out of unpaid tax liabilities of Longhorn Trucking, Inc. ("Longhorn"). (Ex. 3 at 2-4; *see* Compl. ¶ 5.)[3] Longhorn Trucking filed its Employer's Quarterly Federal Tax Return (Form 941) for the tax period ending June 30, 1998 on December 22, 1998. (Ex. 2 at 1, 5.)

Plaintiff was credited with three payments on these assessed liabilities, all as a result of transfers of overpayments of plaintiff's individual income taxes from other years. On April 15, 2004, the IRS transferred an overpayment in the amount of $2,687.00 from plaintiff's taxable year 2003 to satisfy a portion of the assessed penalty for the period ending June 30, 1998. (Ex. 1 at 3.) On April 15, 2005, the IRS transferred an overpayment in the amount of $2,648.00 from plaintiff's taxable year 2004 to satisfy a portion of the assessed penalty for the period ending June 30, 1998. (*Id.*) On April 15, 2006, the IRS transferred an overpayment in the amount of $2,300.00 from plaintiff's taxable year 2006 to satisfy a portion of the assessed penalty for the period ending June 30, 1998. (*Id.* at 4.)

On or about May 22, 2006, plaintiff filed an administrative claim for refund for the tax period ending June 30, 1998. (Compl. ¶ 7.) Plaintiff's claim sought refund of $7,635.00, the sum of plaintiff's three overpayments of his individual income tax that were credited against his § 6672 liability for the tax period ending June 30, 1998. (*Id.*)

Plaintiff subsequently filed suit for refund in this Court on October 13, 2006. Plaintiff's complaint alleges that he was erroneously assessed penalties under § 6672 arising out of unpaid

---

[2]Hereinafter, exhibits attached to the Syverson Declaration will be cited as "Ex. __."

[3]Plaintiff has also been assessed § 6672 penalties arising out of unpaid tax liabilities of Longhorn for the tax periods ending September 30, 1998, December 31, 1998, and March 31, 1999. Plaintiff has not made any payment towards the liabilities for these periods.

tax liabilities of Longhorn Trucking, Inc. (Compl. ¶¶ 3, 5-6), and seeks judgment in the amount of $7,635.00. (Compl. ¶ 8.)

## ARGUMENT

### THIS COURT LACKS SUBJECT-MATTER JURISDICTION OVER PLAINTIFF'S COMPLAINT TO THE EXTENT THAT IT SEEK REFUND OF PAYMENTS MADE MORE THAN TWO YEARS BEFORE PLAINTIFF FILED AN ADMINISTRATIVE CLAIM FOR REFUND

This Court lacks subject-mattter jurisdiction over plaintiff's complaint to the extent that plaintiff seeks refund of the payment of $2,687.00 that was credited against his § 6672 liability on April 15, 2004 for the tax period ending June 30, 1998, because plaintiff's administrative claim for refund of this payment was untimely. Section 6511 of the Internal Revenue Code of 1986 provides that a refund claim must be filed with the two years from the time the tax was paid:

> (a) *Period of limitation on filing claim.* — Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. Claim for credit or refund of an overpayment of any tax imposed by this title which is required to be paid by means of a stamp shall be filed by the taxpayer within 3 years from the time the tax was paid.

A penalty imposed under § 6672 is not a tax "in respect of which tax the taxpayer is required to file a return," within the meaning of § 6511(a).[4] Thus, plaintiff had two years from the date of his

---

[4]The § 6672 penalty assessment made against plaintiff for the tax period ending June 30, 1998 was based upon plaintiff's failure to pay over taxes to the IRS as a responsible officer of Longhorn. Although Longhorn filed an Employer's Quarterly Federal Tax Return (Form 941) with respect to these taxes, plaintiff was not required to file a return with respect to these taxes in his individual capacity. Thus, even if the § 6672 penalty assessment were viewed as a tax "in respect of which tax" someone is "required to file a return," it is not a tax "in respect of which (continued...)

April 15, 2004 payment of $2,687.00 for his § 6672 penalty to file a claim for refund of this payment. I.R.C. § 6511(a). Plaintiff's claim for refund of this payment, however, was only filed with the IRS on or about May 22, 2006, and hence is untimely. Because plaintiff's administrative claim for refund of this payment was untimely, this Court lacks subject-matter jurisdiction over plaintiff's suit to the extent that it seeks refund of this payment. *See* I.R.C. §§ 6511(b), 7422(a); *United States v. Dalm,* 494 U.S. 596, 601-02 (1990); *Thomas v. United States*, 56 Fed. Cl. 112, 118-19 (2003).

The untimeliness of plaintiff's claim for refund of his April 15, 2004 payment is not excused by the two subsequent payments on April 15, 2005 and April 15, 2006. In *Pham v. United States*, 42 Fed. Cl. 886 (1999), this Court rejected just such a contention. In *Pham*, as in the instant case, the taxpayer was assessed a penalty under § 6672, subsequently made multiple payments over a period of time, and then filed an administrative claim for refund of those payments at a time that was more than two years after some of the payments, but less than two years after the rest of the payments. *Pham*, 42 Fed. Cl. at 886-87. On these facts, this Court held

---

[4](...continued)
the *taxpayer*," *i.e.*, plaintiff, "is required to file a return" under § 6511(a). (Emphasis added.) Therefore, under § 6511(a), plaintiff had two years from the date of payment to file a claim for refund, regardless of the date of filing of Longhorn's Form 941 for the tax period ending June 30, 1998.

Furthermore, even if plaintiff's § 6672 penalty for the tax period ending June 30, 1998 were regarded as a tax "in respect of which tax the taxpayer is required to file a return," namely Longhorn's Form 941, plaintiff would still only have two years from the date of the April 15, 2004 payment to file an administrative claim for refund of that payment under § 6511(a), because Longhorn's Form 941 for the tax period ending June 30, 1998 was filed on December 22, 1998, more than three years before the date of the payment. *See Pham v. United States*, 42 Fed. Cl. 886, 888 (1999) (declining to decide whether a penalty assessed under § 6672 is a penalty "in respect of which tax the taxpayer is required to file a return" within the meaning of § 6511(a) because the Forms 941 for the tax periods in issue had all been filed more than three years before any payment of the § 6672 penalties).

that § 6511 precluded the taxpayer from obtaining a refund of the payments made more than two years before he filed his administrative claim for refund, concluding that he "los[t] any entitlement he may have had to a refund of . . . penalty payments made by him or credited towards his alleged liability . . . more than two years before he filed his administrative claim." *Id.* at 888-89. This Court should follow *Pham* and hold that it lacks subject-matter jurisdiction over plaintiff's complaint to the extent that it seeks refund of a payment made more than two years before plaintiff filed his administrative claim for refund of the payment.

## CONCLUSION

For the reasons stated, the complaint should be dismissed in part for lack of subject-matter jurisdiction.

Respectfully submitted,

s/ Joseph B. Syverson

JOSEPH B. SYVERSON
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6508
FAX (202) 514-9440

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

February 5, 2007

s/ Steven I. Frahm
Of Counsel