IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-709 T
(Judge Firestone)

CHARLES J. GOHEEN,
Plaintiff,

v.

THE UNITED STATES,
Defendant.

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to RCFC Appendix A, paragraph 4, the parties herewith report as follows:

(a) Jurisdiction. The jurisdiction of this Court over plaintiff's suit, to the extent it exists, is conferred by 28 U.S.C. § 1491(a)(1), and the jurisdiction of this Court over defendant's counterclaims, to the extent it exists, is conferred by 28 U.S.C. § 1503. Defendant does not contest the Court's jurisdiction over plaintiff's amended complaint,[1] and plaintiff does not contest the Court's jurisdiction over defendant's counterclaims.

(b) Consolidation. The parties are unaware of any other pending cases with which this case should be consolidated.

[1]Plaintiff's initial complaint, filed with this Court on October 12, 2006, sought a refund of $7,635.00. On February 5, 2007, defendant moved this Court to dismiss plaintiff's initial complaint in part for lack of subject-matter jurisdiction, on grounds that plaintiff had failed to timely file an administrative claim for refund with respect to $2,687.00 of plaintiff's total claim for refund. The Court granted this motion on March 6, 2007, and ordered plaintiff to file an amended complaint. Plaintiff filed an amended complaint on March 19, 2007, seeking a refund of $4,948.00.

(c) Bifurcation. The parties agree that separate trials on the questions of liability and damages are unnecessary in this case, and that all evidence necessary to resolve both questions should be presented at one trial. They ask the Court initially to determine the question of liability only, and afterwards to permit the parties a reasonable period to perform and agree upon any necessary recomputation of penalty and interest, if any, so that the parties can submit a stipulation as to the amount of judgment.

(d) Deferral of further proceedings. The parties are not aware of any reason to defer any proceedings in this case based on other pending cases.

(e) Remand or suspension. The parties are not aware of any basis for remand or suspension of this case.

(f) Additional parties. The parties are not aware of any additional parties to be joined.

(g) Dispositive motions. Until discovery has been completed, at least in part, the parties cannot predict whether either or both will be able to move for summary judgment.

(h) Relevant issues. The central issue in this case is whether plaintiff is liable for the trust fund recovery penalty assessment made by the IRS pursuant to Section 6672 of the Internal Revenue Code. In August 2003, the IRS assessed the penalty against plaintiff for unpaid federal employment taxes due from Longhorn Trucking, Inc., for the quarters ended June 30, 1998, September 30, 1998, December 31, 1998, and March 31, 1999. The total penalty assessed against plaintiff was $72,205.33. Plaintiff has filed a claim for refund for a portion of the amount paid towards the penalty assessed for the quarter ending June 30, 1998, and defendant has filed a counterclaim for the balance of the total assessed Section 6672 penalty for these four quarters. The applicability of the trust fund recovery penalty requires a determination of whether plaintiff

was (1) a "person" who is required to collect, truthfully account for and pay over employment taxes for Longhorn Trucking for these quarters, but who (2) "willfully" failed to do so. *See* I.R.C. § 6672.

(i) Settlement. At this time, the parties cannot tell whether this case can be settled, or whether ADR is a viable alternative in this case. If it later appears that ADR would be beneficial, the parties may request it.

(j) Trial. The parties believe that further development of the facts will be required before the parties can determine whether a trial will be necessary in this case. Neither party requests expedited trial scheduling.

(k) Electronic case management. This case was designated as an ECF case on October 12, 2006.

(l) Other information. The early meeting of counsel required by RCFC Appendix A, ¶ 3, took place on March 27, 2007.

**DISCOVERY PLAN**

Pursuant to RCFC Appendix A, ¶ 5, the parties propose the following discovery plan:

(1) Initial Disclosures. The initial disclosures required by RCFC 26(a)(1) will be exchanged no later than April 26, 2007.

(2) Fact Discovery. Fact discovery will be completed on or before October 15, 2007.

(3) Expert Disclosures and Discovery. The parties do not at present anticipate the need for expert testimony in this case. However, if experts are retained, the parties propose the following schedule for expert disclosures and discovery:

(i) Plaintiff's Experts. Plaintiff will make the disclosures required by RCFC

26(a)(2) on or before September 15, 2007. Depositions of plaintiff's experts will be completed on or before October 15, 2007.

(ii) Defendant's Experts. Defendant will make the disclosures required by RCFC 26(a)(2) on or before November 15, 2007. Depositions of plaintiff's experts will be completed on or before December 15, 2007.

(iii) Rebuttal Experts. Disclosure of rebuttal experts or reports contemplated by RCFC 26(a)(2)(C) will take place on or before January 15, 2008. Depositions of experts on rebuttal opinions will be completed on or before February 15, 2008.

(iv) Expert Discovery Cut-off. Expert discovery will be completed on or before February 15, 2008.

Respectfully submitted,

April 12, 2007

s/ Lawrence R. Jones, Jr.
LAWRENCE R. JONES, JR.
Townsend & Jones, L.L.P.
8100 Lomo Alto, Suite 238
Dallas, TX 75225
(214) 696-2661 - telephone
(214) 764-3320 - facsimile

*Attorneys for Plaintiff*

s/ Joseph B. Syverson
JOSEPH B. SYVERSON
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6508
FAX (202) 514-9440

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

April 12, 2007

s/ Steven I. Frahm
Of Counsel

*Attorneys for Defendant*